UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; NETFLIX US, LLC; PARAMOUNT PICTURES CORPORATION; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; and WARNER BROS. ENTERTAINMENT INC., | Case No. **5:25-cv-00685-JLS (DTBx)** |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS** |
| Plaintiff, | |
| vs. | Assigned to the Hon. Josephine L. Staton |
| ZACHARY ADAM-LAYNE DEBARR; ILOCKSPORTS LLC; and Does 1-10 d/b/a outerlimitsiptv.com and outerlimitshosting.net, | Action Filed:  March 4, 2025 |
| Defendants. | |

Upon reviewing the legal argument and evidence filed by Plaintiffs Amazon Content Services LLC, Apple Video Programming LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix US, LLC, Paramount Pictures Corporation, Universal City Studios Productions LLLP, Universal City Studios LLC, and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") in support of their Motion for Default Judgment and Permanent Injunction ("Motion"); and having received no legal argument, evidence, or responsive pleading from Defendants Zachary Adam-Layne Debarr ("DeBarr"), and his company, iLockSports LLC ("iLockSports") (together with DeBarr, "Defendants") in opposition thereto; and good cause appearing, the Court **HEREBY FINDS** as follows:

This Court has personal jurisdiction and subject matter jurisdiction over this action. Defendants were properly served with process and have failed to plead or otherwise defend this action. Defendants' default was entered by the Clerk of Court on April 18, 2025. ECF No. 25. Plaintiffs have requested judgment, damages, a permanent injunction, post-judgment interest, and attorneys' fees and costs.

Plaintiffs have satisfied the *Eitel* factors for default judgment. First, without entry of default judgment, Plaintiffs will suffer severe prejudice because they will have no remedy, and Defendants' conduct shows they will not refrain from further infringement absent an injunction. As to the second and third factors, the Complaint is sufficiently pled, and Plaintiffs' claims for copyright infringement, contributory copyright infringement, and inducement of copyright infringement are meritorious. Fourth, the damages sought by Plaintiffs are consistent with Defendants' willful and egregious copyright infringement scheme and their failure to cease their wrongful conduct despite Plaintiffs' cease-and-desist efforts. Fifth, there is no possible dispute concerning the material facts because Defendants have intentionally defaulted, and, therefore, the factual allegations of Plaintiffs' Complaint are taken as true. Sixth, Defendants' default was not a result of excusable neglect as DeBarr

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

received notice of his wrongful conduct before the filing of this action, and both Defendants ignored this lawsuit after proper service. Sixth, the preference for deciding cases on the merits, standing alone, is insufficient to prevent entry of default judgment. Accordingly, the Court finds the *Eitel* factors weigh in favor of default judgment against Defendants.

Good cause having been shown, and pursuant to Rules 54, 55, and 65 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:** Plaintiffs' Motion is **GRANTED** and **JUDGMENT** be entered against Defendants as follows:

1. The record establishes that Defendants are copying, distributing, offering for sale, and/or selling, via the internet, services that infringe on Plaintiffs' exclusive rights in Plaintiffs' validly owned copyrights set forth in Exhibit A to the Complaint (the "Copyrighted Works").

2. Defendants are liable for the payment of $15,000,000 in damages, which reflects the statutory maximum of $150,000 per Copyrighted Work for willful copyright infringement for each of the 100 Copyrighted Works Defendants infringed.

3. Defendants are liable for the payment of post-judgment interest, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

4. Defendants are liable for the payment of attorneys' fees in the amount of $303,600 pursuant to Local Rule 55-3.

5. Plaintiffs have satisfied the standards for a permanent injunction: (a) Plaintiffs have stated a claim on which relief can be granted that Defendants engaged in infringement of Plaintiffs' Copyrighted Works; (b) Plaintiffs are likely to suffer irreparable harms if Defendants are not enjoined, including interference with Plaintiffs' ability to control their Copyrighted Works, interference with

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' goodwill and relationships with licensees, harm to the rapidly evolving market for online streaming services, and the creation of consumer confusion about that market; (c) the balance of the hardships tips decidedly in Plaintiffs' favor; and (d) the public interest is served by upholding Plaintiffs' control over their copyrights and preserving the legitimate marketplace for the authorized dissemination of the Copyrighted Works.

Accordingly, Defendants, their officers, agents, servants, employees and attorneys, and other persons who are acting in active concert or participation with them who receive actual notice of this injunction ARE HEREBY PERMANENTLY ENJOINED as follows:

A. They shall permanently cease all operations of Outer Limits, IPTV ("Outer Limits"), and any other unlicensed streaming service currently operated under their control or to which they are providing any material assistance.

B. They shall be enjoined from operating any website, system, software, or service that is substantially similar to Outer Limits or other service, by any brand or name, that facilitates access to the Copyrighted Works and other works in which Plaintiffs validly own or control the copyrights or exclusive rights, without authorization.

C. They are enjoined from infringing, whether directly or secondarily, any of Plaintiffs' Copyrighted Works and other works for which Plaintiffs validly own or control the copyrights or exclusive rights, by any means, including by publicly performing, reproducing, or otherwise infringing the Copyrighted Works, or other copyright material owned or controlled by Plaintiff, in any manner (including by materially contributing to or intentionally inducing the infringement of) any of Plaintiffs' exclusive rights under the Copyright Act.

D. They shall not directly or indirectly take any additional steps to release publicly, distribute, transfer, or give any source code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to Outer Limits.

3

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

E.      They may not knowingly take any action for the purpose, or that has the effect of, circumventing the requirements of this Injunction.

F.      IT IS FURTHER ORDERED, that any domain name registrars and registries for outerlimitsiptv.com and outerlimitshosting.net (together with any other domains associated with Defendants' infringing conduct "Infringing Domains"), as well as all other persons who receive notice of this Injunction, are ordered to disable public access to the Infringing Domains; to prevent the Infringing Domains from being modified, sold, transferred to another owner, or deleted; and to take all reasonable steps to transfer ownership of the Infringing Domains to a registrar to be appointed by Plaintiffs to re-register the domain names in Plaintiffs' names, or the name(s) of their designee(s), and under Plaintiffs' ownership.

G.      IT IS FURTHER ORDERED, that the hosting service providers of the websites associated with the Infringing Domains are ordered to suspend any services to such websites and place an administrative lock on the websites to prevent third parties from accessing and downloading the websites' content or transferring the websites' contents to another domain name or hosting service.

H.      IT IS FURTHER ORDERED, that Plaintiffs' counsel may complete service of process on Defendants and any officers, agents, servants, employees, attorneys and persons who are acting in active concert or participation with Defendants of this Order and Injunction by Overnight Mail. This Injunction shall bind Defendants and all of his agents, servants, employees, and all persons in active concert or participation or in privity with Defendants who receive actual notice of this Injunction.

I.      The Court hereby retains jurisdiction over this case for the purpose of enforcing this Order and Injunction and for any supplemental proceedings that may be authorized by law.

4

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

J.    Violation of this Injunction shall expose Defendants and all other persons bound by this Injunction to all applicable penalties, including contempt of Court.

SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT COURT JUDGE

5

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899