UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-00685-JLS-DTB                                    Date: August 08, 2025
Title: Amazon Content Services LLC et al v. Zachary Adam-Lane DeBarr et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER AWARDING ATTORNEYS' FEES**

On August 4, 2025, the Court granted Plaintiffs' motion for default judgment and awarded Plaintiffs $15,000,000 in statutory damages, eligible litigation costs, post-judgment interest, and a permanent injunction. (Order, Doc. 34.) The Court also concluded that Plaintiffs are entitled to attorneys' fees under Section 505 of the Copyright Act, 17 U.S.C. § 505. (*Id.* at 16.) However, the Court required additional information to assess the appropriate amount of attorneys' fees, and so it directed Plaintiffs to submit supplemental briefing identifying the proposed lodestar in this case. (*Id.* at 18.) Plaintiffs then submitted a supplemental declaration of their lead attorney, Scott Commerson of Davis Wright Tremaine LLP ("DWT"), with all relevant billing records attached. (Supp. Commerson Decl., Doc. 35; Billing Records, Ex. A to Commerson Decl.) Having reviewed these additional papers, and for the following reasons, the Court awards Plaintiffs $206,293 in attorneys' fees.

Section 505 of the Copyright Act permits district courts to award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Plaintiffs' motion for default judgment requests $303,600 in attorneys' fees, calculated in accordance with Local Rule 55-3. (Mot. at 29, Doc. 30.) C.D. Cal. R. 55-3. Although Local Rule 55-3 "gives lawyers who obtain default judgments and who are entitled to statutory fees the option of recovering a set amount without going through the hassle of submitting billing records,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-00685-JLS-DTB                                   Date: August 08, 2025
Title: Amazon Content Services LLC et al v. Zachary Adam-Lane DeBarr et al

district courts still have "a duty to ensure that claims for attorneys' fees are reasonable." *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis and citations omitted) (concluding that the district court abused its discretion in treating Local Rule 55-3's fee schedule as "presumptively reasonable").  Thus, district courts must scrutinize attorneys' fees requests when a defendant fails to appear or otherwise defend itself.  *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (holding that once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is 'reasonable'").

Courts generally employ the "lodestar" method to determine the reasonableness of the attorneys' fees requested.  *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  "[A] court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).  The party requesting fees bears the burden of adducing evidence to support the hours worked and the rates claimed.  *Id.*

Here, Plaintiffs estimate a lodestar of $206,293 and have submitted billing records in support of this amount.  (Supp. Commerson Decl. ¶ 4; Billing Records.)  Plaintiffs seek the following hourly rates for the six attorneys who worked on this matter: $990 in 2024 and $1,090 in 2025 for lead attorney and partner Scott Commerson; $965 in 2024 and $1,060 in 2025 for partner Sean Sullivan; $885 in 2024 and $975 in 2025 for partner L. Danielle Toaltoan; $620 in 2024 and $680 in 2025 for fourth-year associate Katelyn Feliciano; $565 in 2024 and $600 in 2025 for second-year associate Samantha Chiang; and $625 in 2025 for second-year law clerk Sydney Clark.  (Supp. Commerson Decl. ¶¶ 5–10.)  Based on the Court's experience and familiarity with the legal market, the Court finds these rates to be reasonable and in line with the prevailing market rates.  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-00685-JLS-DTB                              Date: August 08, 2025
Title: Amazon Content Services LLC et al v. Zachary Adam-Lane DeBarr et al

also finds the number of hours expended on this case to be both well-supported by the billing records and reasonable under the circumstances.

     Therefore, the Court agrees with Plaintiffs that the appropriate lodestar in this case is $206,293 and awards Plaintiffs this amount in attorneys' fees.  Plaintiffs shall submit a proposed judgment within **seven (7) days** of the issuance of this Order.

Initials of Deputy Clerk: kd