UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON CONTENT SERVICES LLC; APPLE VIDEO PROGRAMMING LLC; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; NETFLIX US, LLC; PARAMOUNT PICTURES CORPORATION; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL CITY STUDIOS LLC; and WARNER BROS. ENTERTAINMENT INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZACHARY ADAM-LAYNE DEBARR; ILOCKSPORTS LLC; and Does 1-10 d/b/a outerlimitsiptv.com and outerlimitshosting.net, <br><br> Defendants. | Case No. 5:25-cv-00685-JLS-DTB <br><br> **JUDGMENT** |

On August 4, 2025, the Court granted the motion for default judgment filed by Plaintiffs Amazon Content Services LLC, Apple Video Programming LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix US, LLC, Paramount Pictures Corporation, Universal City Studios Productions LLLP, Universal City Studios LLC, and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs") against Defendants Zachary Adam-Layne DeBarr and iLockSports LLC (collectively, "Defendants"). (Doc. 34.) On August 8, 2025, the Court also granted Plaintiffs' requested attorneys' fees. (Doc. 36.) For the reasons stated in the Court's August 4, 2025 and August 8, 2025 Orders, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

Defendants are jointly and severally liable to Plaintiffs in the total amount of **$15,206,293.00,** plus post-judgment interest, and are permanently enjoined and restrained as follows:

1. Defendants are jointly and severally liable to Plaintiffs for $15,000,000 in statutory damages. This reflects an award of the statutory maximum of $150,000 per work for Defendants' willful infringement of each of Plaintiffs' 100 representative works (the "Copyrighted Works") identified in Exhibit A to the Complaint (Doc. 1-1).

2. Defendants are jointly and severally liable to Plaintiffs for $206,293 in attorneys' fees.

3. Defendants are jointly and severally liable to Plaintiffs for Post-judgment interest, accruing on the full amount of the judgment at the rate of 4.33%, which is the "rate equal to the weekly average 1-year constant Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

4. Defendants, their officers, agents, servants, employees and attorneys, and other persons who are acting in active concert or participation with them who

receive actual notice of this injunction, **ARE HEREBY PERMANENTLY ENJOINED and RESTRAINED** from:

    a)    operating Outer Limits, IPTV ("Outer Limits"), and any other unlicensed streaming service currently operated under their control or to which they are providing any material assistance;

    b)    operating any website, system, software, or service that is substantially similar to Outer Limits or other service, by any brand or name, that facilitates access to the Copyrighted Works and other works in which Plaintiffs validly own or control the copyrights or exclusive rights, without authorization;

    c)    infringing, whether directly or secondarily, any of Plaintiffs' Copyrighted Works and other works for which Plaintiffs validly own or control the copyrights or exclusive rights, by any means, including by publicly performing, reproducing, or otherwise infringing the Copyrighted Works, or other copyright material owned or controlled by Plaintiff, in any manner (including by materially contributing to or intentionally inducing the infringement of) any of Plaintiffs' exclusive rights under the Copyright Act;

    d)    directly or indirectly taking any additional steps to release publicly, distribute, transfer, or give any source code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to Outer Limits; and

    e)    knowingly taking any action for the purpose of, or that has the effect of, circumventing the requirements of this Injunction.

    5.    Any domain name registrars and registries for outerlimitsiptv.com, outerlimitshosting.net, nitrotv-iptv.com, glitchtv.com, and iTrustStream.com (together with any other domains associated with Defendants' infringing conduct, "Infringing Domains"), as well as all other persons in active concert or participation with Defendants who receive notice of this Injunction, **ARE HEREBY PERMANENTLY ENJOINED and RESTRAINED** from allowing the Infringing Domains to be modified, sold, transferred to another owner, or deleted except for

the transfer set forth in Paragraph 5(c) below. In the event that the specified transfer is not possible, such entities are further ordered to permanently disable access to the Infringing Domains. As part of accomplishing this, they shall take the following reasonable steps as needed:

    a) Maintain unchanged the WHOIS or similar contact and identifying information as of the time of receipt of this Judgment and maintain the Infringing Domains with the current registrar;

    b) Maintain the Infringing Domains inaccessible to everyone except Plaintiffs and their counsel, or any other person the Court may deem necessary; and

    c) Transfer the Infringing Domains to Plaintiffs at no cost, and execute whatever documents and take whatever actions are reasonably necessary to effect the transfer.

6. Any hosting service providers of the websites associated with the Infringing Domains **ARE HEREBY PERMANENTLY ENJOINED and RESTRAINED** from providing services to such websites and allowing access to the websites' content.

7. The injunction contained in this Judgment shall bind Defendants and all of their agents, servants, employees, and all persons in active concert or participation or in privity with Defendants who receive actual notice of this Injunction. Defendants shall provide a copy of this Injunction to their agents, servants, employees, and attorneys.

8. Plaintiffs' counsel may complete service of process on Defendants and any officers, agents, servants, employees, attorneys and persons who are acting in active concert or participation with Defendants of this Judgment by Overnight Mail. It shall not be necessary for Defendants to sign any form of acknowledgement of service.

9. The Court hereby retains jurisdiction over this case for the purpose of enforcing this Judgment, and the Injunction contained herein, and for any supplemental proceedings that may be authorized by law.

Dated: August 13, 2025

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE